BOLIN, Judge.
The Louisiana State Board of Education instituted this suit to expropriate a tract of land containing 13,048 square feet adjacent to Northeast Louisiana University, for its building expansion program. Defendants, owners of the land on which is situated a frame dwelling, did not contest the taking and the case went to trial in order to determine the fair market value of the property. For written reasons the trial judge concluded the value was $33,925. From a formal judgment signed pursuant to the written opinion, defendants appeal. We affirm the ruling of the lower court.
With the exception of two or three lots, all the property surrounding the Donald property is owned by the university or agencies affiliated with the school. Defendants, husband and wife, resided on the property and it was zoned for residential purposes. Plaintiffs expert appraisers, Dean Carter and Wayne Medley, testified the highest and best use of the property was for “special purposes” connected with the university. Taking into consideration other sales of similar property in proximity to that of defendants, Medley valued the property at $32,625 and Carter valued it at $32,000. Defendants' experts, A. J. Lester and F. O. Seymour, considering the highest and best use of the property to be commercial, fixed a value of $50,000 and $52,000, respectively.
The district judge has favored us with a comprehensive written opinion. We find the facts to be correctly stated and his reasons to be both logical and legally sound. For this reason we adopt the opinion of the lower court, the pertinent portion of which is:
“Superficially considered, the evidence as to value would appear to present merely a dispute as to whether the subject property should be classified ‘special purpose’ or ‘commercial’ for evaluation purposes. Plaintiff’s experts (Medley and Carter) considered the property unsuitable for commercial development, because of its being virtually surrounded by property used for university purposes, its location off DeSiard [Street], its lim *842 ited accessibility to vehicular traffic, and the difficulty if not impossibility of its being re-zoned (there having been two previous applications by residents of the area denied by the zoning commission). They considered the highest and best use to be ‘special purpose.’
“Defendants’ experts (Lester and Seymour), on the other hand, who gave little attention to the zoning problem, opined that the very existence and use of the surrounding property created very substantial pedestrian traffic of students, faculty and campus workers and visitors and that virtually any commercial enterprise so located would be profitable. They thus concluded that the highest and best use was commercial.
“As the evidentiary details unfolded, however, the differences in classification were revealed to be more apparent than real. Thinking in terms of commercial development only, defendants’ appraisers ignored all other recent transactions in the area and considered only two as ‘com-parables’. .
“Although not considering the subject property ‘commercial’, plaintiff’s appraisers nevertheless did locate and analyze a significant number of recent commercial transactions in the area; including the two relied upon by defendants. . They both rejected these transactions as comparables having any bearing on the value of the subject property.
* * * * *
“Seeking the ‘highest and best use’ and thus the highest value for the subject property, plaintiff’s experts pointed out that within the past eight or ten years, there have been numerous purchases of property for use by the university or by school-connected entities such as student unions, fraternities, etc. Describing these transactions, they reasoned that in each case, because the buyer had no choice but to acquire property adjacent to the campus and was interested in neither residence nor income, the consideration paid was higher than if the sale had been ‘residential’ or ‘commercial’ (save the two transactions relied upon by defendants). Thus, they concluded the proper classification was ‘special purpose’.
* * * * * *
“The Court is convinced, quite apart from terminology and theory, that the appraisal approach of Messrs. Medley and Carter and their analyses of the area are generally sound and calculated to achieve the more realistic estimate of market value. .

“Using the approach of’ plaintiff’s experts, the Court finds the value of the subject property to be $2.60 per square foot (13,047.90), ‘rounded’ to the nearest dollar — $33,925.00.”
For the foregoing reasons the judgment is affirmed. The costs of this appeal are assessed against appellants.